UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA ANN CAUSTIC,

    Plaintiff,

v.                                                                         Case No:  8:14-cv-3105-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Priscilla Ann Caustic, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, Factual Background and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).   The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for DIB on July 18, 2011. (Tr. 72). Plaintiff's application was denied initially and upon reconsideration. (Tr. 72, 87-88). At Plaintiff's request a hearing was held before Administrative Law Judge Richard E. Ouellette (the "ALJ") on May 2, 2013. (Tr. 32-60). The ALJ thereafter entered a decision finding Plaintiff not disabled on June 21, 2013. (Tr. 14-25). The Appeals Council denied Plaintiff's request for review on November 13, 2014. (Tr. 1). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on December 12, 2014. The parties having filed memoranda of law in support of their positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 16, 2009, her amended alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff has the following severe impairments: anemia, adrenal failure, degenerative disc disease, chronic obstructive pulmonary disease (COPD), emphysema, interstitial lung disease, rheumatoid arthritis, fibromyalgia, anxiety and depression. (Tr. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> Perform sedentary to light work as defined in 20 CFR 404.1567(b) with an occasional limitation for bending, stooping, crouching, kneeling, and climbing but capable of performing routine tasks in an environment with limited public contact and where she can change position once every hour.

(Tr. 18). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as an administrative assistant. (Tr. 23). At step five, the ALJ relied on the testimony of a vocational expert to find that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely electronic equipment assembler, hand packer/shoe packer, and office helper. (Tr. 24). The ALJ concluded that Plaintiff has not been under a disability at any time from April 16, 2009, through the date of the decision. (Tr. 24).

**II. Analysis**

Plaintiff raises two issues on appeal: (1) whether substantial evidence supports the ALJ's decision; and (2) whether the ALJ erred by failing to properly evaluate Plaintiff's fibromyalgia. As the two issues interrelate, the Court will address them in conjunction below.

Plaintiff argues that many of the ALJ's findings in this case were not supported by substantial evidence. (Doc. 20 p. 21). According to Plaintiff, the biggest finding not supported by substantial evidence was the ALJ's finding that there was minimal objective evidence to support Plaintiff's complaints of disabling pain. (Doc. 20 p. 21). Specifically, Plaintiff argues that the ALJ completely ignored that Plaintiff's diagnosis of fibromyalgia supports her level of pain. (Doc. 20 p. 23).

In response, Defendant argues that substantial evidence supports the ALJ's RFC finding and step five finding that Plaintiff can perform a significant number of jobs that exist in the national

economy. (Doc. 21 p. 4, 6). Defendant also argues that the ALJ properly assessed the credibility of Plaintiff's subjective complaints. (Doc. 21 p. 8).

As noted above, "[s]ubstantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).

In this case, the Court finds that the ALJ erred by failing to properly consider Plaintiff's diagnosis of fibromyalgia. While the ALJ thoroughly summarized Plaintiff's nearly 1000-page medical record and explained his findings across five pages in single-spaced paragraphs, the ALJ nevertheless failed to sufficiently explain his determination to give only partial credence to Plaintiff's complaints of pain arising from her diagnosis of fibromyalgia. In his analysis, the ALJ noted that despite Plaintiff's chronic subjective complaints of pain and tenderness, objective findings in the record were limited. (Tr. 20). The Eleventh Circuit, however, has noted that fibromyalgia's hallmark is a lack of objective evidence and found that an ALJ errs by determining that a fibromyalgia claimant's testimony was incredible based on the lack of objective evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Where a claimant's allegation of disabling impairments due to fibromyalgia are belied by inconsistencies between the claimant's daily activities and claims of infirmity, an ALJ does not err by discrediting the claimant's subjective complaints. *Id.*

Here, the ALJ did not specify that he was discrediting Plaintiff's subjective complaints on the basis that her claims of impairment due to fibromyalgia were inconsistent with her activities of daily living or for any other reason specifically. Oddly, despite specifically discussing the medical record as it pertained to Plaintiff's complaints of pain in her hips, ankles, knees, back, and

hands, her adrenal insufficiency, her anemia, her headaches, her complaints of chills, fatigue, and insomnia, her respiratory impairments, and mental health, the ALJ only mentioned in passing that Plaintiff has been treated for fibromyalgia. Thus, the ALJ's analysis implies that Plaintiff's subjective complaints were discounted on the basis of the absence of corroborating objective findings in the medical record. While this may be a sufficient reason to discount a claimant's subjective complaints generally, complaints due to fibromyalgia are as special case. The ALJ erred by discounting Plaintiff's complaints due to fibromyalgia on the basis of such a lack of objective evidence.

Defendant contends that the ALJ based his decision on inconsistencies in Plaintiff's statements and not solely on the lack of objective evidence. (Doc. 21 p. 8). The only inconsistency Defendant identifies in its memoranda, however, is that Plaintiff testified at the administrative hearing that she has headaches three-to-four times per week (Tr. 51), but less than two months earlier she had reported to a doctor that she was not having headaches. (Tr. 1116). The Court finds this alleged inconsistency insufficient to constitute substantial evidence to support the ALJ's decision to discredit Plaintiff's complaints due to fibromyalgia, especially given that fibromyalgia's symptoms vary in severity over time and may be absent some days. *See* Social Security Ruling 12-2p.

Upon remand, the Court will require the ALJ to analyze Plaintiff's complaints of disabling pain due to fibromyalgia and specifically articulate his reasons for finding such complaints less than credible, if the ALJ so finds.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 11, 2016.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties